IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY A. WATSON,            :

    Plaintiff,             :
vs.                                      CA 05-0180-C
                                      :
JO ANNE B. BARNHART,
Commissioner of Social Security,  :

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 17 & 18 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and

recommendation, and the parties' arguments at the January 11, 2006 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due degenerative disc disease, spondylosis, chronic back, knee and hip pain, panic disorder with/without agoraphobia, and major depressive disorder. The Administrative Law Judge (ALJ) made the following relevant findings:

> 4.   The claimant has "severe" impairments, degenerative disc disease and residuals from a[] knee injury.
>
> 5.   The claimant's impairments do not meet or equal in severity the appropriate medical findings contained in 20 CFR 404, Appendix 1 to Subpart P (Listing of Impairments).
>
> 6.   The claimant's allegations regarding his limitations are not credible to the extent all work activity would be precluded.
>
> 7.   The claimant has the following residual functional capacity: sedentary work.
>
> 8.   The claimant has past relevant work as a scaffold builder, carpenter and sewing machine operator.

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 17 & 18 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

    9.     The claimant is unable to perform his past relevant work. (20 CFR §§ 404.1565 and 416.965).

    10.     The claimant is a younger individual, 45 years of age (20 CFR §§ 404.1563 and 416.963).

    11.     Based on the Medical-Vocational Guidelines, Rule 201.18, Table No. 2 of Appendix 2, Subpart P, Regulations No.4, direct a finding of not disabled.

    12.     The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(e) and 416.920(e)).

(Tr. 24) The Appeals Council affirmed the ALJ's decision (Tr. 6-8) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work

history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform sedentary work activity and is not disabled under the grids, is supported by substantial evidence.  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ erred in exclusively relying upon the grids to satisfy the Commissioner's fifth-step burden and in rejecting counsel's hypothetical question to the vocational expert ("VE") describing the claimant's pain as "marked".

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available

to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted).  The Commissioner must articulate specific jobs that the claimant can perform given his age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted) There are several ways in which the Commissioner can satisfy her fifth-step burden: one is by exclusive reliance upon the grids and the other is through the use of vocational expert testimony.

Exclusive reliance upon the grids is inappropriate "'"either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills."'" *Id*. at 1202 (quoting *Walker, supra,* 826 F.2d at 1002-1003, in turn quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)).  Normally, when nonexertional limitations are alleged "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see Francis*, 749 F.2d at 1566 ("The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony").  "'It is only when the claimant can clearly do *unlimited* types of [sedentary] work . . . that it is

unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.'" *Allen*, 880 F.2d at 1202 (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A March 30, 1981)). Where nonexertional impairments are present "[t]he ALJ must '"make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."'" *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citations omitted).

This case must be remanded to the Commissioner of Social Security for further proceedings, including taking testimony from a vocational expert, because the ALJ's conclusory finding that "the claimant cannot be expected to experience any credible symptomatology of the severity, frequency, and duration necessary to preclude the performance of a full range of sedentary work[,]" is not supported by the evidence of record. First, there is no dispute in this case but that the plaintiff experiences chronic pain. (*See* Tr. 297-299, 308-389, 418-419, 422-423 & 426-431) Plaintiff's treating physician, Dr. R.E. Murray, described plaintiff's pain as "marked" (*see* Tr. 350 & 377-378) and even one-time consultative physicians Dr. Eugene Bass and Dr. Charles E. Hall diagnosed plaintiff with chronic back pain (Tr. 298 & 389). Despite all

the pain evidence of record, the ALJ not only failed to evaluate same in line with this Circuit's three-pronged pain standard,[2] which in itself is reversible error, but also failed to question the vocational expert regarding the obvious nonexertional limitations attendant to plaintiff's pain, *Foote, supra*, 67 F.3d at 1559 ("Pain is a nonexertional impairment."); *see Phillips v. Barnhart*, 357 F.3d 1232, 1242 n.11 (11th Cir. 2004) ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all other physical limitations that are not included in the seven strength demands."). Where, as here, an application for benefits is heavily dependent on a claimant's allegations of severe, chronic disabling pain it is incumbent for the ALJ to quantify such pain, based upon the evidence of record, and question an already present VE about the impact of such impairment and limitations upon the claimant's ability to work.[3]

---

[2]     Nowhere in the administrative decision does the ALJ set forth the three prongs of this Circuit's pain standard, which are "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Not only did the ALJ fail to set forth the pain standard but, as well, he failed to evaluate plaintiff's complaints within the context of the standard and give explicit and adequate reasons for rejecting plaintiff's testimony. This was reversible error.

[3]     In other words, the ALJ should have questioned the VE in this case about Watson's ability to perform sedentary work assuming he suffered from moderate pain,

In addition to being limited because of his chronic pain, the evidence of record also establishes that the plaintiff has several mental impairments (*see* Tr. 282-283 (Dr. Annie Formwalt's diagnoses included major depressive disorder and panic disorder without agoraphobia); Tr. 385-387 (Dr. John Davis diagnosed panic disorder with agoraphobia)), which the Social Security Administration's own non-examining physicians indicated would often lead to deficiencies in concentration, persistence or pace (Tr. 295) and/or would cause a moderate degree of limitation with respect to difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence or pace (Tr. 412). Difficulty in maintaining attention or concentrating is a nonexertional limitation/restriction and the Eighth Circuit has indicated that a hypothetical question posed to a VE should include a claimant's degree of limitation in the area of deficiencies of concentration, persistence or pace, should the limitation rise to a moderate or "often" level. *See Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) ("The vocational expert stated on cross-examination [] that Newton's concentration and persistence problems related to basic work habits needed to maintain employment. A moderate deficiency in these areas, the expert testified, would

---

moderately severe pain or marked pain.

cause problems on an ongoing daily basis, 'regardless of . . . what the job required from a physical or skill standpoint.' The expert's original response to the hypothetical may thus have been different if the question had already described all of Newton's functional limitations. . . . Any hypothetical question on remand should include Newton's deficiencies of concentration, persistence, or pace so that the vocational expert might accurately determine his ability to work."). In questioning a VE on remand in this case the ALJ should include in his hypothetical not only a reference to the degree of pain plaintiff experiences but also the degree of limitation in the mental nonexertional areas of maintaining concentration, persistence or pace and social functioning.[4]

As noted by the Eleventh Circuit in *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (2002), "[i]f nonexertional impairments exist, the ALJ may use Medical-Vocational Guidelines as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." The scenario outlined in *Wilson* obviously should have been heeded in this case and, therefore, on remand, the Commissioner need obtain the

---

[4] It is also troubling to this Court that an ALJ again has determined that an individual has a particular residual functional capacity in absence of specific RFC evidence from a treating or examining physician which supports that finding.

9

services of a vocational expert to identify what sedentary jobs, if any, plaintiff can perform in light of his exertional and nonexertional impairments and limitations.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 12th day of January, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**