## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

GARY A. WATSON,                           :

     Plaintiff,                          :

vs.                                            CA 05-0180-C

                                     :

JO ANNE B. BARNHART,
Commissioner of Social Security,  :

     Defendant.

## MEMORANDUM OPINION AND ORDER

This cause is before the Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Doc. 24; *see also* Doc. 25 (brief in support of motion for EAJA fees))  Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $2,775.00 under the EAJA for legal services rendered by his attorney in this Court.

## FINDINGS OF FACT

1.      On January 12, 2006, this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security

pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.  (Doc. 23; *see also* Doc. 22)

2.      The motion for attorney's fees under the EAJA was filed on February 11, 2006 (Doc. 24), some ninety (90) days after entry of final judgment (*compare id. with* Doc. 23).  In the brief filed in support of the motion for EAJA fees, plaintiff requests attorney's fees in the amount of $3,541.34 to compensate his attorney for the time spent representing him before this Court as of the date of the filing of the fee application.  (*See* Doc. 25, at 4)

3.      The Commissioner of Social Security filed a response to plaintiff's EAJA fee application on May 15, 2006 and therein contends that her decision in this matter was substantially justified and that the requested hourly rate exceeds the statutory cap and should not be allowed. (Doc. 27)

## CONCLUSIONS OF LAW

1.      The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A)

2.    The Commissioner contends that her decision that plaintiff could perform sedentary work and was not disabled was substantially justified. (Doc. 27, at 3-5) More particularly, the Commissioner contends that the ALJ's failure to cite to the Eleventh Circuit's three-pronged pain standard in addressing plaintiff's testimony did not require reversal of the final decision and that it was reasonable, based upon the evidence of record, to conclude that plaintiff does not have a severe mental impairment. (*See id.*, at 5-7) The defendant's attempt to reconstruct a substantial basis for the ALJ's implicit decision that plaintiff did not have a severe mental impairment need fail because the Commissioner cannot cite to a shred of evidence that any examining or non-examining psychologist or psychiatrist rated the degree of functional limitation resulting from plaintiff's impairments in such a manner that the ALJ could reasonably conclude that his mental impairments were not severe. *Compare* Tr. 288 & 295 (Dr. Ellen Eno's PRTF makes no finding of a non-severe impairment but instead finds that an RFC assessment is necessary and on that assessment notes that plaintiff "often" experiences deficiencies of concentration, persistence and pace) and Tr. 402 & 412 (Dr. Patricia Hinton's PRTF makes no finding of a non-severe impairment but instead finds that an

3

RFC assessment is necessary and on that assessment notes that plaintiff has a moderate degree of limitation in maintaining social functioning and in maintaining concentration, persistence and pace) *with* 20 C.F.R. § 404.1520a(d)(1) (2006) ("If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities[.]") and 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). In this instance, the ALJ favorably cited to the non-examining reports of Drs. Eno and Hinton to establish the degree of limitation in the four pertinent functional areas (Tr. 22) yet failed to compare those functional limitations to his own regulations and properly conclude that plaintiff suffers from severe mental impairments.[1] Accordingly, the Court does not hesitate in finding that there was no reasonable basis in fact or law for the ALJ to implicitly find that plaintiff's mental impairments were not severe and, further, for failing to incorporate in his hypothetical question to the VE the functional limitations attendant to

---

[1]    In addition, the ALJ improperly failed to incorporate those functional limitations in the hypothetical question posed to the VE.

plaintiff's severe mental impairments.  *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2550 n.2, 101 L.Ed.2d 490 (1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."). Accordingly, the Court rejects the Commissioner's argument that her position in this case was substantially justified.[2]

3.     The Commissioner makes no argument that plaintiff is not a prevailing party under the EAJA (*see* Doc. 27);[3] therefore, the Court focuses its attention on other matters.

4.     The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).  The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of January 12, 2006 became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v.*

---

[2]     Based upon the foregoing, the Court finds no reason to address the defendant's argument that the Commissioner's analysis of plaintiff's pain testimony and credibility was substantially justified.

[3]     "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

*Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, March 13, 2006.  The application filed in this case, bearing a date of April 12, 2006, is timely since it was filed within thirty days (exactly) of March 13, 2006.

5.     The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

>    This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district

court may reduce the award accordingly.  The
district court also should exclude from this initial
fee calculation hours that were not "reasonably
expended." . . . Cases may be overstaffed, and the
skill and experience of lawyers vary widely.
Counsel for the prevailing party should make a
good-faith effort to exclude from a fee request
hours that are excessive, redundant, or otherwise
unnecessary, just as a lawyer in private practice
ethically is obligated to exclude such hours from
his fee submission.  "In the private sector, 'billing
judgment' is an important component in fee
setting.  It is no less important here.  Hours that
are not properly billed to one's *client* also are not
properly billed to one's *adversary* pursuant to
statutory authority."

*Hensley, supra,* 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations

omitted);  *see also id.,* at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the

burden of establishing entitlement to an award and documenting the

appropriate hours expended and hourly rates.");  *ACLU of Georgia v. Barnes*,

168 F.3d 423, 428 (11th Cir.1999) ("If fee applicants do not exercise billing

judgment, courts are obligated to do it for them, to cut the amount of hours for

which payment is sought, pruning out those that are 'excessive, redundant, or

otherwise unnecessary.'  Courts are not authorized to be generous with the

money of others, and it is as much the duty of courts to see that excessive fees

and expenses are not awarded as it is to see that an adequate amount is

awarded.");  *Norman v. Housing Authority,* 836 F.2d 1292, 1301 (11th Cir.

1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

6.     In *Norman, supra,* the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306.

7.     The defendant does not interpose any objection to the hours petitioner contends were spent on legal tasks in this matter; therefore, the Court finds that plaintiff's counsel reasonably spent 22.2 hours on legal tasks in this case.

8.     With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection
> shall be based upon prevailing market rates for

> the kind and quality of the services furnished,
> except that . . . attorney fees shall not be awarded
> in excess of $125.00 per hour unless the court
> determines that an increase in the cost of living or
> a special factor, such as the limited availability of
> qualified attorneys for the proceedings involved,
> justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

9.      In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine
> the market rate for "similar services [provided] by
> lawyers    of   reasonably    comparable    skills,
> experience, and reputation." . . . The second step,
> which is needed only if the market rate is greater
> than $[125] per hour, is to determine whether the
> court should adjust the hourly fee upward from
> $[125] to take into account an increase in the cost
> of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

10.      The prevailing market rate in the Southern District of Alabama has been raised to $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L.  Because the market rate is not greater than the statutory rate of $125.00

per hour, (*see* Doc. 34, *Steele v. Barnhart*, CA 03-0088-P-C ("Although plaintiff contends that the evidence shows that the prevailing market rate for attorneys in Mobile exceeds $125.00 per hour, this court finds that plaintiff has presented no evidence specifically regarding hourly billing rates for the sole practitioner under EAJA in Social Security cases, in this District.")), the Court need not reach the second step set out in the *Meyer* case (*see* Doc. 31, *Waller v. Barnhart*, CA 01-0253-BH-L, Report & Recommendation, at 4 & 5 ("Plaintiff has presented no evidence regarding [] fee awards in excess of the statutory rate for the Southern District of Alabama and the prevailing market rate for Social Security cases in this District has been set at $125.00 per hour. . . . The undersigned has no authority to legislate a new statutory cap and can only exceed the cap if plaintiff's counsel establishes that the market rate is above $125.00 and that an increase in the cost of living or other special factors justifies raising the rate above $125.00. . . . Because plaintiff has not established that the prevailing market rate for this District ($125.00) should be increased beyond the statutory rate of $125.00 per hour, this court need not reach the second step of the <u>Meyer</u> analysis.")).[4]

_____

[4]      In rejecting the argument for an increase in the hourly rate (now to $159.52), the undersigned also notes with favor former Senior United States Virgil Pittman's November 12, 2004 order adopting the undersigned's report and recommendation regarding EAJA attorney's fees requested in *Burrows v. Barnhart,* CA 02-0592-P-C, Doc. 39.

11.   In consideration of the foregoing, the plaintiff is due to be awarded an attorney's fee in the amount of $2,775.00 under the EAJA for the

--------

It is a cost of living increase that plaintiff is seeking . . . . However, "while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely *require* it . . . such a decision is within the discretion of the district court." Baker, 839 F.2d at 1084 (emphasis in original).

Herein, the district court cases plaintiff presents are distinguishable from the case *sub judice*. In Smith, the requested fee calculated at $135.00 per hour was not challenged by defendant; herein, defendant challenges the reasonableness of plaintiff's request for the $150.93 hourly rate. In Jones, the hourly rate was adjusted upward from $125.00 to $139.69, overall an 11% increase, in Usher, the rate increase from $125.00 to $138.33 represents a 10% increase, and in Dewberry, the rate increase from $125.00 to $133.63 represents a 6.5% increase.

Herein, plaintiff's requested fee increase from $125.00 to $150.93 per hour amounts to an increase of 17%. This court finds the requested increase unreasonable.

Further, this court notes that in a similar prior case, on March 22, 2004, the plaintiff requested a fee for counsel of record, Ms. McPhillips, calculated at $147.96 per hour. This court determined *de novo* that the fee was to be calculated at this court's prevailing rate, at $125.00 per hour. Steele v. Barnhart, C.A. 03-0088-P-C (S.D. Ala. (Dec. 23, 2003)).

Herein, just 3½ months later, on July 2, 2004, plaintiff filed the subject Motion For Attorney['s] Fees requesting that counsel of record, Ms. McPhillips, be awarded a fee calculated at $150.93 per hour, an inexplicable 2% increase in just 3½ months for similar services. Plaintiff's objection is OVERRULED.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (doc. 37), is hereby ADOPTED as the opinion of this court.

(*Id*. at 2-3)

22.2 hours his attorney spent performing work traditionally performed by attorneys in social security cases.[5]

## CONCLUSION

The Court **ORDERS** that plaintiff be awarded reasonable attorney's fees in the amount of $2,775.00 under the Equal Access to Justice Act, representing compensation for 22.2 hours of service by Rose A. McPhillips, Esquire, at the market rate of $125.00 an hour.

**DONE** and **ORDERED** this the 4th day of August, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[5]     The Court **REJECTS** the request of plaintiff's counsel that "any sum approved **be ordered to be paid to the attorney for the Plaintiff, Rose A. McPhillips**[.]" (Doc. 25, at 4 (emphasis in original)) Plaintiff is the prevailing party in this case and, under the explicit terms of the statute, the award of fees and other expenses is to be made to the prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A). In absence of pertinent case law out of this Circuit establishing that this Court may pay attorney's fees directly to plaintiff's counsel, this Court will continue to follow statutory provisions and order only that fees be awarded to the prevailing party.